CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
EDWARD VERONDA
United States Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:21-cr-00299-JAD-EJY |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| KIRK BALDUCCI ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Emily McKillip</u>, U. S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 29th day of April 2022.

CHRISTOPHER CHIOU
Acting United States Attorney

By <u>  /S/                              </u>.
    EDWARD VERONDA
    Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. KIRK BALDUCCI                                      Docket No.  2:21-cr-00299-JAD-EJY

Petition for Action on Conditions of Pretrial Release

  COMES NOW EMILY MCKILLIP, UNITED STATES PRETRIAL SERVICES OFFICER, presenting an official report upon the defendant, Kirk Balducci, who was ordered released by U.S. Magistrate Judge Nancy J. Koppe on November 17, 2021, on a personal recognizance bond, with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.
3. The defendant shall not obtain a passport or passport card.
4. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to State of NV.
5. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
6. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
7. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
8. Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.
9. The defendant shall provide written proof that his/her access to and possession of said firearm and/or dangerous weapon(s) has been discontinued. The written proof shall be provided to Pretrial Services or the supervising officer.
10. Except as authorized by court order, the defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes).
11. The defendant shall refrain from the excessive use of alcohol.
12. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The

    defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
13. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
14. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
15. The defendant shall participate in a program of inpatient or outpatient substance use therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
16. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
17. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.
18. Comply with medical, public health, and official mandates regarding COVID-19 or variants thereof.

On March 15, 2022, the defendant's bond was modified to include:

1. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
2. The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
3. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On December 28, 2021, the defendant failed to report for a drug test.
2. On February 21, 2022, the defendant failed to report for a drug test.
3. The defendant was a no call/no show for his counseling sessions on February 14, 2022; March 21, 2022; March 28, 2022; April 14, 2022; and April 15, 2022.
4. On April 18, 2022, the defendant submitted a urine sample for drug testing which was positive for methamphetamine.
5. The defendant admitted to being in the presence of people using and possessing methamphetamine on April 17, 2022.

**PRAYING THAT THE COURT WILL ORDER A SUMMONS BE ISSUED BASED UPON THE INFORMATION OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. |
|---|---|
| Considered and ordered this April 29, 2022 and ordered filed and made a part of the records in the above case. | Executed on this 29th day of April, 2022. |

ORDER OF COURT

Considered and ordered this April 29, 2022 and ordered filed and made a part of the records in the above case.

_____
Honorable Nancy J. Koppe
U.S. Magistrate Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 29th day of April, 2022.

Respectfully Submitted,

_____
Emily McKillip   SPO
U.S. Pretrial Services Officer
Place: Las Vegas, Nevada